IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOY SIMS GRINER, et al.,   No. 2:12-cv-2822-MCE-CMK

      Plaintiff,

   vs.   <u>FINDINGS AND RECOMMENDATIONS</u>

NATIONAL CITY MORTGAGE, et al.,

      Defendants.

_____/

      Plaintiff, proceeding in this action in propria persona, brings this civil action. Pending before the court is defendants' unopposed motion to dismiss (Doc. 4). As no opposition was filed, the hearing on this motion was taken off calendar pursuant to Local Rule 230.

      **I.**    **Background**

      The complaint in this case, titled Quo-Warrento-Complaint, is written in some type of coded system. The Civil Cover Sheet states this is a Truth in Lending action. It appears the plaintiffs may be attempting to challenge a foreclosure or other proceedings relating to the mortgage on their house. However, due to the lack of decipherable facts it is unknown what the plaintiffs' claims actually are.

/ / /

## II. Motion to Dismiss

Defendants filed the motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(6). Defendants argue plaintiffs fail to establish subject matter jurisdiction and fail to state a claim upon which relief may be granted, and that this case should be dismissed without leave to amend as this case has no merit and any attempt to amend the complaint would be futile.

### A. Legal Standards

In considering a motion to dismiss, the court must accept all allegations of material fact in the complaint as true. See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007). The court must also construe the alleged facts in the light most favorable to the plaintiff. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); see also Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976); Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir. 1994) (per curiam). All ambiguities or doubts must also be resolved in the plaintiff's favor. See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969). However, legally conclusory statements, not supported by actual factual allegations, need not be accepted. See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-50 (2009). In addition, pro se pleadings are held to a less stringent standard than those drafted by lawyers. See Haines v. Kerner, 404 U.S. 519, 520 (1972).

Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, in order to survive dismissal for failure to state a claim under Rule 12(b)(6), a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Id. at 555-56. The complaint must contain "enough facts to state a claim to relief that is plausible on its face." Id. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

2

reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (quoting Bell Atl. Corp., 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility for entitlement to relief." Id. (quoting Bell Atl. Corp., 550 U.S. at 557).

To determine whether a complaint states a claim upon which relief can be granted, the court generally may not consider materials outside the complaint and pleadings. See Cooper v. Pickett, 137 F.3d 616, 622 (9th Cir. 1998); Branch v. Tunnell, 14 F.3d 449, 453 (9th Cir. 1994). The court may, however, consider: (1) documents whose contents are alleged in or attached to the complaint and whose authenticity no party questions, see Branch, 14 F.3d at 454; (2) documents whose authenticity is not in question, and upon which the complaint necessarily relies, but which are not attached to the complaint, see Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001); and (3) documents and materials of which the court may take judicial notice, see Barron v. Reich, 13 F.3d 1370, 1377 (9th Cir. 1994).

Finally, leave to amend must be granted "[u]nless it is absolutely clear that no amendment can cure the defects." Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam); see also Lopez v. Smith, 203 F.3d 1122, 1126 (9th Cir. 2000) (en banc).

**B.   Discussion**

The grounds for the motion to dismiss are failure to establish subject matter jurisdiction and failure to state a claim. As stated above, in order to survive a motion to dismiss, a complaint must contain factual allegations sufficient to state a plausible claim to relief. Here, plaintiffs' complaint is unintelligible and thus does not meet the pleading requirements of Rule 8. While a complaint need not contain detailed factual allegations, it must plead some facts. As the complaint here is unintelligible, and completely void of facts, the undersigned finds that it also fails to state claim under Rule 12(b)(6). The undersigned will recommend the motion to dismiss

be granted for failure to state a claim.[1]

As to the lack of subject matter jurisdiction, plaintiffs bear the burden of establishing subject matter jurisdiction. See Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994). Plaintiffs failed to make any meaningful objection to the motions to dismiss, and in fact failed to file an opposition to the motion at all. Plaintiffs' complaint is unintelligible and can not establish subject matter jurisdiction on its own. As plaintiffs failed to file any opposition to the motion in order to establish subject matter jurisdiction, the court finds that they have not met their burden. The undersigned will also recommend that the motion to dismiss for lack of subject matter jurisdiction be granted.

### III.    Conclusion

Plaintiffs' complaint fails to plead any discernible facts, much less sufficient facts to state a claim upon which relief can be granted. Thus, defendants' motion to dismiss should be granted in full. Leave to amend must be granted "[u]nless it is absolutely clear that no amendment can cure the defects." Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam); see also Lopez v. Smith, 203 F.3d 1122, 1126 (9th Cir. 2000) (en banc). Given the unintelligible complaint and lack of opposition to the motion to dismiss, it is clear that plaintiffs will be unable to sufficiently cure the defects. Thus, the undersigned recommends no leave to amend be granted.

Based on the foregoing, the undersigned recommends that defendants' motion to dismiss (Docs. 4, 5) be granted, without leave to amend, and this case be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written

---

[1] Not all of the defendants have appeared in this action, nor is there any indication that all have been served. However, as the complaint is unintelligible in violation of Rule 8, it should be dismissed in its entirety as against all of the defendants.

1  objections with the court.  Responses to objections shall be filed within 14 days after service of
2  objections.  Failure to file objections within the specified time may waive the right to appeal.
3  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

  DATED:  June 7, 2013

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE